# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: The Weinstein Company Holdings, LLC, et al., | : : | |
| Debtors. | : : : | |
| _____ | : | |
| BRADLEY COOPER, et al., | : : : | |
| Appellants, | : : | |
| v. | : : | C. A. No. 19-242-MN |
| LANTERN ENTERTAINMENT LLC, | : : | Bankruptcy Case No. 18-10601-MFW BAP No. 19-06 |
| Appellee. | : : | |
| _____ | : : | |
| BRUCE COHEN, BRUCE COHEN PRODUCTIONS, | : : : | |
| Appellants, | : : | |
| v. | : : | C. A. No. 19-243-MN |
| LANTERN ENTERTAINMENT LLC, | : : | Bankruptcy Case No. 18-50924-MFW BAP No. 19-07 |
| Appellee. | : | |

## RECOMMENDATION

At Wilmington this **22nd** day of **February, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in these matters;

WHEREAS, as a result of the above screening process, the issues involved in these cases are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The parties recently participated in mediation in December 2018 without success. The Talent Parties will be requesting the Bankruptcy Court to certify its order for a direct appeal to the Third Circuit Court of Appeals pursuant to 28. U.S.C §158(d)(2) and request that briefing be stayed in these present appeals until the Bankruptcy Court rules on the Talent Parties' certification request, and if the Bankruptcy Court certifies the appeal, until the Third Circuit authorizes or denies the direct appeal.

Lantern Entertainment agrees that further mediation at this time would not be productive. It also concurs that briefing on these appeals should be stayed pending the outcome of the Talent Parties' certification request. It does not agree that these matters should be certified for direct appeal to the Third Circuit because these case do not meet the requirements of the statute noted above, and will be opposing the request for direct appeal.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters, 19-242 MN and 19-243 MN, be withdrawn from the mandatory referral for mediation. No objections are anticipated to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1 since the Recommendation is consistent with the parties' positions.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge